PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of his 2000 Dodge Neon striking debris in the road while he was traveling east on 1-64, Cabell County. 1-64 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more folly stated below.
The incident giving rise to this claim occurred between 2:00 p.m. and 3:00 p.m. on August 31, 2004, a clear and sunny day. 1-64 is a four-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving in his right hand lane at between seventy and seventy-five miles per hour with traffic in front, behind, and to his left. Mr. Shoup’s vehicle struck a block that was larger than a brick that he had not seen because of foe vehicle in front of him. Claimant’s vehicle sustained damage to gas tank totaling $1,183.15. Claimant’s insurance deductible was $500.00.
The position of foe respondent is that it did not have actual or constructive notice of foe condition on 1-64 at the site of the claimant’s accident for the date in question.
Charlene Pullen, 1-64 Supervisor, Section 1, for foe respondent in Cabell County, testified that she had no knowledge of any debris on 1-64 near the site of claimant’s incident. Ms. Pullen stated that there had been no complaints of debris in foe road on the date of claimant’s incident or for one week prior. Respondent had received no notice of holes in the road along this stretch of 1-64 on the day of the incident in question or in foe previous five days.
The well-established principle of law in West Virginia is that foe State is neither an insurer nor a guarantor of foe safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In foe instant case, the evidence established that the respondent did not have actual or constructive notice of debris on 1-64 prior to foe incident in question. Consequently, there is insufficient evidence of negligence upon which to justify an award. Thus, the claimant may not make a recovery for her loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.